Revised August 8, 2000

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40896

_____

TONY NEYSHEA CHAMBERS,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

_____

Appeal From the United States District Court
for the Eastern District of Texas

_____

July 24, 2000

<u>ON PETITION FOR REHEARING</u>

(Opinion, June 20, 2000, 5th Cir., 2000, ____F.3d____)

Before HIGGINBOTHAM, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:

        The petition for rehearing calls our attention to two factual errors in our opinion of June 20, 2000. We, therefore, modify the opinion as follows: (1) The third paragraph of Part I of the opinion is modified to read:

        The following day, Bailey's body was discovered in

a wooded area near the middle school gym. The crime scene showed evidence of a sexual assault, and an autopsy uncovered abdominal wounds and evidence of sexual assault prior to death. The police discovered Bailey's body while Chambers was being voluntarily questioned at the local police station. When confronted with news of the body's discovery, Chambers became emotional and stated his remorse for "hurt[ing]" Bailey. Chambers gave an extensive videotaped confession after the police advised him of his Miranda rights. He also signed a written statement acknowledging that he had been given his Miranda warnings and admitting to leaving the basketball game with Bailey, having sex with her in the woods near the gym, and choking her for about three minutes. He claimed, however, that he left her alive. Later that night, Chambers gave a more complete statement after again acknowledging that he had received and understood his Miranda warnings. In this statement, Chambers admitted to choking Bailey during intercourse, tying her to a tree with her shoe laces, choking her while tied, untying her, and puncturing her stomach with a scalpel and protractor. This confession contained details, such as the cut design left on Bailey's abdomen, that were not publicly known. Thereafter, Chambers told detectives where he had disposed of the scalpel and protractor, and the detectives, with Chambers's help, were able to recover both items. Possibly due to a recent rain, the police found no fingerprints or blood on these weapons.

(2) The second paragraph of Part III, section B., is modified to read:

In support of this claim, Chambers argues that investigators purposefully used an interrogator, Officer Alexander, and interrogation tactics that had recently been shown to elicit a false confession from another suspect. In addition, he argues that another false confession Officer Alexander obtained several years before he questioned Chambers should have put the officers on heightened notice that Chambers's confessions were materially untrue. As stated above, the state courts have found that the officers used no coercive tactics in questioning Chambers. See generally Pemberton v. Collins, 991 F.2d 1218, 1225 (5th Cir. 1993). These state court rulings are not unreasonable in light of the evidence.

Because the above modifications do not change either our analysis or the result, the petition for rehearing is DENIED.